**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MUSTAFA OZAN,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>PAMELA BONDI, et al.,<br><br>　　　　　　　　Respondents. | Case No. 5:26-cv-00159-MRA (RAO)<br><br>**ORDER CONVERTING TEMPORARY RESTRAINING ORDER INTO PRELIMINARY INJUNCTION** |

　　This habeas action was brought by Petitioner Mustafa Ozan, a noncitizen who was released by the Department of Homeland Security ("DHS") on his own recognizance on June 3, 2024, then re-detained by DHS on November 4, 2025. On January 21, 2026, the Court granted Petitioner's Motion for a Temporary Restraining Order ("TRO") and ordered his immediate release. ECF 9. For the reasons stated below, the Court converts the TRO into a preliminary injunction.

**I.　　FACTUAL AND PROCEDURAL BACKGROUND**

　　The factual and procedural history of this case is detailed in this Court's Order Granting Petitioner's Motion for a Temporary Restraining Order. ECF 9. The TRO required Respondents Pamela Bondi, United States Attorney General; Kristi Noem, Secretary of DHS; DHS; Warden of the Adelanto Detention Facility; and Jaime Rios, ICE Field Office Director (collectively, "Respondents" or the "government") to immediately release Petitioner and enjoined Respondents from re-detaining Petitioner absent

compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change in circumstances requiring his re-detention and a timely hearing at which Respondents would bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a risk of flight or danger to the community. *Id.* at 11. The Court further ordered Respondents to show cause why a preliminary injunction should not issue.

Respondents did not file any response to the Court's order to show cause. On February 3, 2026, Petitioner filed a reply in support of his request for a preliminary injunction. ECF 10. Petitioner's reply indicated that he had been released from custody but requested that the Court issue "a preliminary injunction preserving the prerequisites for re-detention stated in the TRO." *Id.* at 3.

## II.  DISCUSSION

The analysis that courts must perform for temporary restraining orders and preliminary injunctions is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 (9th Cir. 2001). Respondents had notice and an opportunity to respond in opposition to Petitioner's Motion for a TRO. ECF 8. Respondents had further opportunity to explain why a preliminary injunction should not issue. Pursuant to Local Rule 7-12, the Court may treat Respondents' failure to file the Court-ordered response as consent to the granting of the preliminary injunction. In the interests of justice and judicial efficiency, the Court has reviewed all papers and arguments submitted. For the reasons stated in the TRO, the Court finds that Petitioner satisfies the elements for the issuance of preliminary relief. ECF 9; *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

In addition, the Court agrees with Petitioner that his habeas petition and request for preliminary injunctive relief are not moot. A case becomes moot—and therefore no longer a 'case' or 'controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85,

90 (2013)). "A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 120 S. Ct. 693, 700 (2000). "Thus, the standard for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (citing *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)). This requires the "defendant [to] demonstrate that 'there is no reasonable expectation that the wrong will be repeated." *United States v. W. T. Grant Co.*, 73 S. Ct. 894, 897 (1953). This is a heavy burden. *Id.*

Here, given Respondents' wholesale failure to respond to Plaintiff's request for a preliminary injunction, there can be no doubt that they have failed to carry the heavy burden of demonstrating that there is no reasonable expectation that the wrong—*i.e.*, the unlawful re-detention of Petitioner without due process—will be repeated. Absent preliminary injunctive relief, Petitioner faces the prospect of re-detention without a pre-detention hearing during the pendency of this federal case, which may take months or years to resolve. A habeas petition is not moot where preliminary relief is not made permanent. *See Nielsen v. Preap*, 586 U.S. 392, 403 (2019) (plurality opinion) (rejecting suggestion of mootness where "release had been granted following a preliminary injunction," observing that "[u]nless that preliminary injunction was made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention").

### III. CONCLUSION

For the foregoing reasons, Plaintiff's request for a preliminary injunction is **GRANTED**. For the duration of this action:

1. Respondents are **ENJOINED** from re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change in circumstances requiring his re-detention and a timely hearing. At any such hearing, Respondents shall bear the burden of

establishing, by clear and convincing evidence, that Petitioner poses a risk of flight or danger to the community; and

2. The parties are directed to follow the orders of the Magistrate Judge with respect to further proceedings.

**IT IS SO ORDERED.**

Dated: February 9, 2026

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE