**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

MUSTAFA OZAN,
Petitioner,
v.
TODD BLANCHE, *et al.*,[1]
Respondents.

Case No. 5:26-cv-00159-MRA-RAO

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

On January 14, 2026, Petitioner Mustafa Ozan, represented by counsel and then detained at Adelanto Detention Facility, in Adelanto, California, filed a verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") concurrently with a Motion for Temporary Restraining Order. Dkt. No. 1; Dkt. No. 3 ("TRO Application"). On January 21, 2026, the Court granted the TRO Application and ordered that Petitioner be released from immigration custody immediately. Dkt. No. 9 ("TRO"). The TRO also enjoined Respondents from "re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change in circumstances

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Todd Blanche, the United States Attorney General, is hereby substituted as Respondent.

requiring his re-detention and a timely hearing. At any such hearing, Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a risk of flight or danger to the community." TRO at 11.

The TRO also ordered Respondents to show cause why a preliminary injunction should not issue. *Id.* Respondents did not file a response to the Court's order to show cause. On February 3, 2026, Petitioner filed a reply asking the Court to issue a preliminary injunction preserving the prerequisites for re-detention set forth in the TRO. Dkt. No. 10.

On February 9, 2026, the Court converted the TRO into a preliminary injunction. Dkt. No. 11 ("Preliminary Injunction"). The Court agreed with Petitioner that the Petition and request for injunctive relief were not moot. *Id.* at 2. Concluding that the factors under *Winter v. Nat. Res. Def. Council Inc.*, 555 U.S. 7 (2008), were met, the Court granted preliminary injunctive relief with the same restraints as the TRO. Preliminary Injunction at 3-4.

On February 27, 2026, the Court ordered the parties to file a status report regarding what issues remained to be decided in the Petition and to propose a briefing schedule. Dkt. No. 12. Pursuant to the parties' proposed schedule, Petitioner filed a brief in support of the Petition on March 20, 2026. Dkt. No. 14. In his brief, Petitioner argues the Petition is not moot because he faces the risk of re-arrest and detention. *Id.* at 3. Petitioner asks the Court to make permanent the relief granted in the Preliminary Injunction regarding procedural safeguards on any future re-detention. *Id.* at 10.

Respondents filed their Answer on April 24, 2026. Dkt. No. 17. In their Answer, Respondents do not address the merits of the Petition. Rather, Respondents argue that the Petition is mooted by Petitioner's release. *Id.* at 1–3.

///

///

"The party alleging mootness bears a 'heavy burden' in seeking dismissal." *Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). A case might become moot only when "subsequent events [make] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Laidlaw*, 528 U.S. at 189 (citation omitted).

Here, Respondents have failed to meet their burden to show how the TRO and Preliminary Injunction moot the Petition. The Court has not made the preliminary relief granted permanent nor has it otherwise addressed Petitioner's request for prospective relief. Further, while Respondents assert mootness, they do not make any representations regarding whether there is a likelihood that they would re-detain Petitioner. The Court concludes that Petitioner's continued threat of re-detention absent compliance with statutory procedures and constitutional protections is still live and in controversy. *See Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) (finding mootness established where petitioner's bond release became final after ICE declined to appeal and there were no "collateral consequences").

In the TRO, the Court concluded that Petitioner is likely to succeed on the merits of his claims. TRO at 9. The Preliminary Injunction found that for the reasons stated in the TRO, Petitioner made a sufficient showing under the factors set forth in *Winter* for the issuance of a preliminary injunction. *See* Preliminary Injunction at 2. Because the Answer does not address the merits of Petitioner's claims, the Court sees no reason to depart from its previous analysis and incorporates it herein. Accordingly, the Court finds that the appropriate remedy is to grant the Petition thereby placing the relief already afforded by the TRO and Preliminary Injunction on a permanent footing.

///

///

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The Petition is GRANTED; and
2. Respondents are ENJOINED from re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change in circumstances requiring his re-detention and a timely hearing. At any such hearing, Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a risk of flight or danger to the community.

DATED: September 28, 2026

HON. MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE